# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIMMY DURAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  CIV-10-587-M |
| | ) | |
| JUSTIN JONES, DIRECTOR | ) | |
| | ) | |
| Respondent | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action under 28 U.S.C. § 2241 seeking a writ of habeas corpus.  Pursuant to an order by Chief United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  By his Petition, Petitioner seeks the return of earned credits revoked as the result of a disciplinary conviction. Respondent filed a motion to dismiss the petition on grounds that Petitioner failed to exhaust his available state remedies.  Although Petitioner's response to the motion was due on or before July 15, 2010, he has not responded.

However, on July 7, 2010, Respondent filed a Notice to the Court of Petitioner's Discharge, indicating that Petitioner discharged his sentences on July 2, 2010, with no period of supervision by the Oklahoma Department of Corrections required. [Doc. No. 9-1, p. 1]. As it appeared to the Court that this action may be moot by virtue of Petitioner's discharge of his state sentences, or subject to dismissal for Petitioner's failure to advise the Court of his change of address as required by Local Civil Rule 5.4, the undersigned entered an order

on August 6, 2010, directing Petitioner to show cause by August 26, why his petition should not be dismissed. The order to show cause was mailed to Petitioner on August 6, 2010, at the address he provided to the Court. On August 24, 2010, the copy of the order mailed to Petitioner was returned, and the envelope in which it had been mailed bears the notation "discharged." For the following reasons, it is recommended that this action be dismissed as moot.

"Article III of the United States Constitution only extends federal judicial power to cases or controversies." United States v. Meyers, 200 F.3d 715, 718 (10th Cir. 2000). "The power to grant a writ of habeas corpus under [28 U.S.C.] § 2241 is dependent on the prisoner being in 'custody.' 28 U.S.C. § 2241(c )." Crawford v. Booker, No. 99-3121, 2000 WL 1179782 at *1 (10th Cir. Aug. 21, 2000).[1] Since the only relief Petitioner seeks is his release from state custody and since he has been released, it appears the petition is moot. Nevertheless, this action would not be moot if Petitioner could show "collateral consequences adequate to meet Article III's injury-in-fact requirement." Spencer v. Kemna, 523 U.S. 1, 14 (1998). Such collateral consequences are not presumed in this case, however, because Petitioner is attacking the execution of his sentences rather than the underlying convictions and his sentences have been served. See Crawford at *1. Petitioner has neither responded to the motion to dismiss nor the order to show cause, and he has therefore not shown any collateral consequences attributable to the Department of Corrections' (DOC)

---

[1] This and any other unpublished opinion is cited in accordance with Fed.R.App.P. 32.1 and Tenth Cir. R. 32.1.

alleged revocation of earned credits without due process. Although he contends that the DOC's actions improperly lengthened his term of incarceration, his incarceration "cannot be undone." See Spencer, 523 U.S. at 7-8. Therefore, there is no habeas relief available. Accordingly, the petition for a writ of habeas corpus should be dismissed as moot.

Alternatively, it is recommended that this action be dismissed for Petitioner's failure to notify the Court of his current address. Such notification is necessary under Local Civil Rule 5.4. Theede v. United States Department of Labor, 172 F.3d 1262, 1267 (10th Cir. 1999) (stating that all litigants, including those acting pro se, "bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change"). In the absence of such notification, the orders are deemed delivered upon mailing to the petitioner's last known address. See Local Civil Rule 5.4. If the Court cannot locate a petitioner as a result of his violation of Local Civil Rule 5.4, the Clerk will be unable to notify him of deadlines or hearings. These circumstances alone can merit summary dismissal of the action for failure to prosecute and to comply with the Court's orders. See Young v. Sullivan, No. 91-2182, 1992 WL 7445 (10th Cir. Jan. 15, 1992) (upholding dismissal of habeas action for failure to prosecute).

## RECOMMENDATION

For these reasons, the undersigned recommends that the petition for a writ of habeas corpus be dismissed as moot, or alternatively, for Petitioner's failure to prosecute the action. In light of this recommendation, Respondent's motion to dismiss [Doc. No. 8] should be denied as moot. Petitioner is advised of his right to file an objection to this Report and

3

Recommendation with the Clerk of this Court by September 20, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Petitioner is advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 31st day of August, 2010.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE