# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JIMMY DURAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-587-M |
| | ) | |
| JUSTIN JONES, DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On August 31, 2010, United States Magistrate Judge Doyle W. Argo issued a Report and Recommendation in this action filed pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. On July 7, 2010, respondent filed a Notice to the Court of petitioner's discharge from state custody, with no period of supervision by the Oklahoma Department of Corrections required. On August 6, 2010, the Magistrate Judge directed petitioner to show cause by August 26, 2010 why his petition should not be dismissed. On August 24, 2010, the envelope mailed to petitioner at the address provided to the Court was returned with the notation "discharged". The Magistrate Judge recommends that petitioner's petition be dismissed as moot, or alternatively for petitioner's failure to prosecute the action. A review of the file reveals no objection has been filed.

A petitioner is not "in custody" for purposes of habeas corpus jurisdiction when his sentence for the conviction he is challenging has fully expired. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). "The power to grant a writ of habeas corpus under § 2241 is dependent on the prisoner being in 'custody.' 28 U.S.C. § 2241(c)." Because petitioner has discharged his state sentence this Court no longer has jurisdiction over the instant action.

Therefore, upon de novo review, the Court:

(1) ADOPTS the Report and Recommendation issued by the Magistrate Judge on

August 31, 2010, and

(2)	DISMISSES the petition for a writ of habeas corpus as MOOT.

**IT IS SO ORDERED this 30th day of September, 2010.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE